UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CAUSE NO.   A:22-cr-187 RP |
| | § | |
| STEVE RAY SHICKLES, JR. | § | |

**MEMORANDUM IN SUPPORT OF ISSUANCE OF SUBPOENA *DUCES TECUM***

TO THE HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION:

Steve Ray Shickles, Jr., by and through his counsel, files this memorandum in support of his previously filed Ex Parte Application for Issuance of a Subpoena *Duces Tecum*, showing as follows:

Mr. Shickles pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. Sentencing is set for June 16, 2023. As part of the plea agreement, Mr. Shickles admitted to embezzling $2,171,273.36 from Simple Helix, LLC, which is the loss amount for purposes of the sentencing guidelines.

The current restitution debt stands at $1,657,639.93, which reflects payments by Mr. Shickles as well as distributions from the trust in Mr. Shickles' and his wife's bankruptcy proceedings in the Northern District of Alabama (No. 19-80155-CRJ11). Simple Helix reported to the United State Probation Office that they had received distributions totaling $426,551.03 from the bankruptcy trust.

In the bankruptcy proceedings, rather than let the bankruptcy trustee liquidate the trust's assets through an auction and receive their distribution thereafter, Simple Helix elected to purchase the real and personal property of the trust for $925,000. As indicated, nearly half of that amount

1

was returned to Simple Helix as a bankruptcy distribution and was self-reported by Simple Helix as a credit toward Mr. Shickles' restitution debt.  Had the bankruptcy trustee liquidated all the property, Simple Helix's distribution – and the credit toward the restitution debt in this case – would have been even higher.  By the same token, Mr. Shickles should receive credit towards his restitution debt for any profit that Simple Helix made from the sale of the property purchased from the bankruptcy estate.  Any profit that Simple Helix made from its sale of these assets has not been accounted for in the restitution calculation proposed in the PSR.  *See Robers v. United States*, 572 U.S. 639, 640-41; *United States v. Ghuman*, 966 F.3d 567, 578-80 (7th Cir. 2020).

      The property in question is readily identifiable - Mr. Shickles has provided to Simple Helix a list of all the property in question which was an attachment to a joint filing by the Shickles and Simple Helix in the bankruptcy proceedings.  Any income events from the sale of this property are surely documented.

      For the reasons stated above and in his Ex Parte Application for Issuance of a Subpoena *Duces Tecum*, Mr. Shickles requests the Court to enter the tendered order authorizing the issuance of a subpoena upon Simple Helix, LLC for any records documenting the sale of the real and personal property purchased by Simple Helix from the bankruptcy trust in the Northern District of Alabama, No. 19-80155-CRJ11.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender


/s/ HORATIO R. ALDREDGE
Supervisory Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste 960
Austin, Texas 78701
(512) 916-5025
State Bar Number: 00795216

*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Matthew Devlin
Assistant U.S. Attorney
903 San Jacinto Blvd., Ste. 334
Austin, TX 78701

_____
/s/ HORATIO R. ALDREDGE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CAUSE NO.   A:22-cr-187 RP |
| | § | |
| STEVE RAY SHICKLES, JR. | § | |

## ORDER REGARDING SUBPOENA *DUCES TECUM*

On this date came on to be considered the Defendant's Memorandum in Support of Issuance of Subpoena *Duces Tecum*, without expense to him. The Defendant has made a satisfactory showing that 1) he is financially unable to pay the fee of the requested records and 2) the issuance of the subpoena is relevant and necessary for him to prepare for sentencing. It is therefore **ORDERED** that a subpoena *duces tecum* be issued to the following party:

Simple Helix, LLC
c/o Brian Richardson
Leo Law Firm
200 Randolph Ave.
Huntsville, AL  35801

Said party shall tender a true, clear, and certified copy of the following records to Horatio R. Aldredge, Supervisory Assistant Federal Public Defender, or his representative from the Office of the Federal Public Defender at 504 Lavaca Street, Suite 960, Austin, Texas 78701 on or before June 2, 2023:

> Documentation of the sale, disposition, or transfer by Simple Helix of any of the real and personal property, including any value received therefor, purchased by Simple Helix pursuant to the Order Approving Trustee's Motion to Approve Sale of Substantially All of the Assets of the Liquidating Trust (No. 19-80155-CRJ11, Bankr. N.D. AL, Dkt. No. 488).

It is further **ORDERED** that the costs incurred by the process and the fees of the subpoena *duces tecum* shall be paid in the same manner in which similar costs are paid in the case of records subpoenaed on behalf of the Government.

**SO ORDERED** this the _____ day of May 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE