IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § | |
| v. § § § § | Case No. A-22-CR-187-RP |
| STEVE RAY SHICKLES, JR. § | |

**SIMPLE HELIX LLC'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO RECONSIDER ORDER
GRANTING MOTION TO QUASH SUBPOENA DUCES TECUM**

While Defendant filed a motion to reconsider, he failed to provide any justification, legal or otherwise, as to why this Court should reconsider. Rather, Defendant simply made a second attempt, without providing any relevant legal support, to address the substantive points of Simple Helix's motion to quash. Defendant has not met his high burden of identifying "manifest errors of law or fact" or "newly discovered evidence." *United States v. Castro-Gomez*, 365 F. Supp. 3d 801 (W.D. Tex. 2019). The motion should be denied.

The subpoena as issued contains requests to produce: (1) a description of all assets purchased by Simple Helix pursuant to the Order Approval Trustee's Motion to Approve Sale of Substantially All of the Assets of the Liquidating Trust; and (2) an accounting of the value received for the sale, disposition, or transfer by Simple Helix of those assets. The motion for reconsideration abandons the first request and fails to set forth a legal or factual basis for the second.

**I.   The Information Sought Is Irrelevant to Restitution Calculations**

Even with Defendant's abandonment of the first category of documents sought in the subpoena, Defendant does not provide a legally supportable argument as to why the remaining request in the subpoena could ever lead to information that would be relevant to the calculation of

restitution in his case. Defendant suggests that any appreciation in value of assets that Simple Helix acquired in his bankruptcy proceedings should reduce his restitution amount. He is wrong, as a matter of fact and law. As a factual matter, the value of property that Simple Helix acquired in the bankruptcy was what Simple Helix paid for it. Simple Helix's motion to quash included as Exhibit C the Trustee's Motion to Approve Sale of Substantially All of the Assets of the Liquidating Trust. In that motion, the Trustee, exercising his statutory responsibilities as an officer of the court, stated that in his professional judgment, the $925,000 Simple Helix paid for the assets of the trust was "(i) fair and reasonable, (ii) the highest and best offer for the Assets, (iii) will provide a greater recovery for the beneficiaries of the Trust than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration." **Exhibit C** at ¶ 11.

The Trustee further stated that "the Transaction must be consummated as promptly as practicable in order to prevent any erosion in the value of the Assets and to avoid unnecessary administrative expenses and costs." *Id.* at ¶ 13. "Specifically, selling the Assets in a single transaction will avoid additional storage costs to the Trust, substantial commissions to real estate agents and auctioneers, the uncertainty of the sale and disposal of used retail merchandise with a limited market, and further carrying costs the Trust is incurring currently with respect to the Assets." *Id.* In other words, as a factual matter, the Trustee found that Simple Helix was actually providing value to the Trust by relieving it of substantial and expensive costs.

Defendant's motion for reconsideration does not present a single factual allegation that rebuts the Trustee's finding of reasonably equivalent value. Defendant's memorandum in support of the issuance of the subpoena duces tecum cites *Robers v. United States*, 572 U.S. 639 (2014), but that case held only that when real property serves as collateral for a fraudulently obtained loan

and the property diminishes in market value prior to sale, the diminished value of the property is used for purposes of calculating restitution credit. The Seventh Circuit case cited by Defendant went so far as to affirm a judgment that did not give the defendant any credit whatsoever for collateral seized by a bank that had not yet been sold, stating that the district court's failure to "anticipate and provide for the *future* sales of the bank-held collateral" was not error. *United States v. Ghuman*, 966 F.3d 567, 578–80 (7th Cir. 2020). These cases both *rejected* defendants' arguments for diminishing restitution. Because the unrebutted evidence in the record shows that the Trust assets were liquidated for reasonably equivalent value, the gain or loss incurred by Simple Helix after the liquidation is irrelevant to this Court's determination of restitution. After all, is Defendant suggesting that if a trip down that rabbit trail would show that particular property acquired through the bankruptcy lost value before Simple Helix sold it, his restitution should be increased?

## II.     The Property List Referred to in the Motion Does Not Reflect What Simple Helix Purchased Out of the Bankruptcy

Defendant's motion states that Defendant "has obtained the description of assets purchased by Simple Helix in the Northern District of Alabama Bankruptcy Court matter." Dkt. 30 at 1. Defense counsel shared that document with counsel for Simple Helix. This list tendered to counsel for Simple Helix (attached to this response as **Exhibit F**) does not reflect a list of property Simple Helix acquired in the bankruptcy. Instead, it appears to be a list of assets prepared by Defendant or his bankruptcy counsel.

Regardless, the list referred to by Defendant helps to illustrate the additional burdens that Defendant would seek to impose on his prior employer and victim in the case. The numerous inaccuracies in the property list underscores the significant administrative burden that the subpoena duces tecum would place on Simple Helix to gather records of the property transferred

to it and the amounts they were sold for, much less to create profit and loss statements on those items. Property sold to Simple Helix included the contents of storage units, which stored such items as Star Wars figurines, power cords, batteries, miscellaneous tools, trash cans, and the like. These miscellaneous items were given an approximate value of $176,625 in the sale by the Trustee for purposes of arriving at the $925,000 purchase price.[1] There is no existing profit or loss statement of the kind sought by the subpoena. Even on larger-value items, such as real estate, Simple Helix has never prepared a profit and loss accounting for those items. There is no justification in the motion for reconsideration for Simple Helix to do so.

### III. There Is No Legal Justification to Have Simple Helix Create Profit and Loss Calculations That Do Not Exist

Defendant cannot by a subpoena duces tecum require Simple Helix to create profit and loss documents that do not exist. Even if a subpoena could require a party (much less a non-party, as here) to create documents, there would be no basis for such a request. As discussed earlier, one of the reasons the Trustee urged the Bankruptcy Court to act swiftly to approve the liquidation of the assets was that "selling the Assets in a single transaction will avoid additional storage costs to the Trust, substantial commissions to real estate agents and auctioneers, the uncertainty of the sale and disposal of used retail merchandise with a limited market, and further carrying costs the Trust is incurring currently with respect to the Assets." **Exhibit C** at ¶ 13. The Trustee went on to explain that, as "detailed in the Motion to Expedite, a significant majority of the Assets are stored currently at a warehouse leased by Purchaser," which "expire[d] on November 14, 2019, and [was] not subject to renewal." *Id.* As the Motion to Expedite, attached as **Exhibit B** to the motion to quash, further explained: "Finding new storage facilities and relocating the Assets would be prohibitively

---

[1] It is Simple Helix's understanding that the restitution calculation includes a credit for the amount of distribution Simple Helix received from the bankruptcy.

expensive, particularly given the lack of funds presently in the Trust to satisfy such expenses." **Exhibit B** at ¶ 7.

When Simple Helix acquired the liquidated property, it took on those obligations and expenses that would have eaten away at the Trust's value. To have a true and accurate calculation of whether Simple Helix made a profit or incurred a loss, it would be necessary for Simple Helix to undertake the significant and onerous administrative burden of itemizing all of the expenses that went into the disposition of the property in addition to calculating any revenues generated. Thus, Defendant's assertion that the cost of compliance is minimal is not well taken. In all likelihood Simple Helix did not make a profit—consistent with the Trustee's finding of reasonably equivalent value—and Defendant has provided no evidence to the contrary.

## CONCLUSION

For these reasons, the motion for reconsideration should be denied.

Respectfully submitted,

BUTLER SNOW LLP

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols
Texas Bar No. 14994900
eric.nichols@butlersnow.com

Cory R. Liu
Texas Bar No. 24098003
cory.liu@butlersnow.com

1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Phone: (737) 802-1800
Fax: (737) 802-1801

*Attorneys for Movant Simple Helix LLC*

## CERTIFICATE OF SERVICE

      A true and correct copy of the foregoing pleading was hand-delivered to the staff of the Western District of Texas, Austin Division, on May 22, 2023, to be filed and served electronically through the Court's CM/ECF system.

                                                       */s/ Cory R. Liu*
                                                       Cory R. Liu