1            UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF TEXAS
2                  AUSTIN DIVISION

3  UNITED STATES OF AMERICA ) Docket No. A 22-CR-187(1) RP
                            )
4  vs.                      ) Austin, Texas
                            )
5  STEVE RAY SHICKLES, JR.  ) September 26, 2022

6

7          TRANSCRIPT OF REARRAIGNMENT/PLEA
        BEFORE THE HONORABLE DUSTIN M. HOWELL

8

9  APPEARANCES:

10 For the United States:    Mr. Matthew B. Devlin
                             Assistant U.S. Attorney
11                           903 San Jacinto Boulevard,
                             Suite 334
12                           Austin, Texas 78701

13

14 For the Defendant:        Mr. Horatio R. Aldredge
                             Assistant Federal Public Defender
15                           Lavaca Plaza
                             504 Lavaca Street, Suite 960
16                           Austin, Texas 78701

17

18

19 Transcriber:              Ms. Lily Iva Reznik, CRR, RMR
                             501 West 5th Street, Suite 4153
20                           Austin, Texas 78701
                             (512)391-8792
21

22

23

24

25 Proceedings reported by digital sound recording,
   transcript produced by computer aided-transcription.

*LILY I. REZNIK, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

```
 1              (Proceedings commence at 2:04 p.m.)

 2          THE CLERK:  The Court calls the following cases

 3  for a guilty plea:  1:19-CR-130-LY, United States of

 4  America vs. Juan Christopher Penilla.

 5          MR. DEVLIN:  Matthew Devlin for the United

 6  States.

 7          MR. ALDREDGE:  Horatio --

 8          MS. VAZQUEZ:  Amber Vazquez for Mr. Penilla.

 9          THE CLERK:  1:22-CR-187-RP, U.S.A. vs. Steve Ray

10  Shickles, Jr.

11          MR. DEVLIN:  Matthew Devlin for the United

12  States.

13          MR. ALDREDGE:  And Horatio Aldredge for Mr.

14  Shickles.

15          THE CLERK:  1:22-CR-198, Daniel

16  Coahuilas-Coahuilas.

17          MR. DEVLIN:  Matthew Devlin for the United

18  States.

19          MR. ALDREDGE:  Horatio Aldredge for Mr.

20  Coahuilas.

21          THE CLERK:  And 1:22-CR-204, Felipe

22  Ramos-Beltran.

23          MR. DEVLIN:  Matthew Devlin for the United

24  States.

25          MR. ALDREDGE:  Horatio Aldredge for Mr.
```

1  Ramos-Beltran.

2          THE COURT:  Good afternoon.

3          The parties are here for a guilty plea in

4  accordance with Rule 11 of the Federal Rules of Criminal

5  Procedure.

6          Ms. Thomson, if you will please administer the

7  oath.

8          THE CLERK:  If each of you, would you please

9  raise your right hands.  Thank you.

10          Do you solemnly swear or affirm that the

11  testimony which you may give in the case before the Court

12  shall be the truth, the whole truth, and nothing but the

13  truth?  Mr. Penilla?

14          DEFENDANT PENILLA:  Yes, I swear.

15          THE COURT:  Mr. Shickles?

16          DEFENDANT SHICKLES:  Yes.

17          THE COURT:  Mr. Coahuilas?

18          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

19          THE COURT:  Mr. Ramos-Beltran?

20          DEFENDANT RAMOS-BELTRAN:  Yes.

21          THE COURT:  Do you understand that you are now

22  under oath and that if you answer any of my questions

23  falsely, your answers may be used against you in another

24  prosecution for perjury or for making a false statement?

25          DEFENDANT PENILLA:  Yes, sir, I do.

1          DEFENDANT SHICKLES:  Yes, your Honor.

2          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

3          DEFENDANT RAMOS-BELTRAN:  Yes.

4          THE INTERPRETER:  "Yes" by both.

5          THE COURT:  In order to take your guilty plea, I

6  need to advise you of several rights and ask you a series

7  of questions that are intended to ensure that you

8  understand what you are doing by pleading guilty.  If you

9  didn't understand anything that I say, or if you have a

10  question or want to speak with your attorney at any time,

11  please just stop me.  This is important because you can't

12  come back later and say that you didn't understand what

13  you were doing.

14          I will advise you that this hearing will be

15  recorded.  We'll start by having each of you state your

16  full name, please, starting with you, Mr. Penilla, your

17  full name.

18          DEFENDANT PENILLA:  Juan Christopher Penilla.

19          DEFENDANT SHICKLES:  Steve Ray Shickles, Jr.

20          DEFENDANT COAHUILAS-COAHUILAS:  Daniel

21  Coahuilas-Coahuilas.

22          DEFENDANT RAMOS-BELTRAN:  Felipe Ramos-Beltran.

23          THE COURT:  I am a United States Magistrate

24  Judge.  You have the right to plead before the district

25  court, instead.

1          Have you discussed this issue fully with your

2  attorney?

3          DEFENDANT PENILLA:  Yes, your Honor.

4          DEFENDANT SHICKLES:  I have, your Honor.

5          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

6          DEFENDANT RAMOS-BELTRAN:  Yes.

7          THE INTERPRETER:  "Yes" by both.

8          THE COURT:  Do you understand your right to have

9  the district judge hear your plea?

10          DEFENDANT PENILLA:  Yes.

11          DEFENDANT SHICKLES:  Yes, your Honor.

12          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

13          DEFENDANT RAMOS-BELTRAN:  Yes.

14          THE INTERPRETER:  "Yes" by both.

15          THE COURT:  Do you waive your right to plead in

16  front of the district court?

17          DEFENDANT PENILLA:  Yes, your Honor.

18          DEFENDANT SHICKLES:  Yes, your Honor.

19          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

20          DEFENDANT RAMOS-BELTRAN:  Yes.

21          THE INTERPRETER:  "Yes" by both.

22          THE COURT:  Does the government consent to have

23  me hear the defendants' pleas?

24          MR. DEVLIN:  Yes in all cases.

25          THE COURT:  Thank you.

1          I find that both parties consent to have me

2 conduct the guilty plea proceeding.  I will remind counsel

3 that as required by Rule 5(f), the United States is

4 ordered to produce all exculpatory evidence to the

5 defendants pursuant to Brady vs. Maryland and its progeny.

6 Not doing so in a timely manner may result in sanctions,

7 including exclusion of evidence, adverse jury

8 instructions, dismissal of charges, and contempt

9 proceedings.

10          Some questions to you, Ms. Vazquez, and, Mr.

11 Aldredge.  Have you had sufficient time to discuss this

12 case with your client?

13          MS. VAZQUEZ:  I have, your Honor.

14          MR. ALDREDGE:  Yes, your Honor, with all three.

15          THE COURT:  Have you discussed the charges and

16 any possible defenses?

17          MS. VAZQUEZ:  Yes, we have.

18          MR. ALDREDGE:  Yes, your Honor.

19          THE COURT:  Have you explained his constitutional

20 and statutory rights?

21          MS. VAZQUEZ:  Yes, I have.

22          MR. ALDREDGE:  I have, your Honor.

23          THE COURT:  Have you explained the sentencing

24 guidelines and other sentencing factors?

25          MS. VAZQUEZ:  I have gone over those, your Honor.

1          MR. ALDREDGE:  Yes, your Honor.

2          THE COURT:  Do you believe your client has a

3    factual and rational understanding of these proceedings?

4          MS. VAZQUEZ:  He does.

5          MR. ALDREDGE:  Yes, your Honor, I do.

6          THE COURT:  Any doubt as to his competence to

7    enter a plea?

8          MS. VAZQUEZ:  No, your Honor.

9          MR. ALDREDGE:  No, your Honor.

10          THE COURT:  To the defendants, have you had

11    enough time to speak with your attorney?

12          DEFENDANT PENILLA:  Yes, your Honor.

13          DEFENDANT SHICKLES:  Yes, your Honor.

14          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

15          DEFENDANT RAMOS-BELTRAN:  Yes.

16          THE INTERPRETER:  "Yes" by both.

17          THE COURT:  Have you told your attorney

18    everything you know about the facts and circumstances

19    leading to your arrest?

20          DEFENDANT PENILLA:  Yes, your Honor.

21          DEFENDANT SHICKLES:  Yes, your Honor.

22          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

23          DEFENDANT RAMOS-BELTRAN:  Yes.

24          THE INTERPRETER:  "Yes" by both.

25          THE COURT:  Have you discussed the charges and

1    any possible defenses?

2            DEFENDANT PENILLA:  Yes, your Honor.

3            DEFENDANT SHICKLES:  Yes, your Honor.

4            DEFENDANT COAHUILAS-COAHUILAS:  Yes.

5            DEFENDANT RAMOS-BELTRAN:  Yes.

6            THE INTERPRETER:  "Yes" by both.

7            THE COURT:  Do you have any mental or physical

8    condition that affects your ability to understand today's

9    proceedings?

10            DEFENDANT PENILLA:  No.

11            DEFENDANT SHICKLES:  No, your Honor.

12            DEFENDANT COAHUILAS-COAHUILAS:  No.

13            DEFENDANT RAMOS-BELTRAN:  No.

14            THE INTERPRETER:  "No" by both.

15            THE COURT:  Are you under the influence of any

16   medication, drugs, or alcohol that affect your ability to

17   understand what you're doing today?

18            THE DEFENDANT:  No, your Honor.

19            DEFENDANT SHICKLES:  No, your Honor.

20            DEFENDANT COAHUILAS-COAHUILAS:  No.

21            DEFENDANT RAMOS-BELTRAN:  No.

22            THE INTERPRETER:  "No" by both.

23            THE COURT:  Are you satisfied with your

24   attorney's representation?

25            DEFENDANT PENILLA:  Yes, I am.

1          DEFENDANT SHICKLES:  Yes, your Honor.

2          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

3          DEFENDANT RAMOS-BELTRAN:  Yes.

4          THE INTERPRETER:  "Yes" by both.

5          THE COURT:  We have a plea agreement in Mr.

6   Penilla's case, correct, Mr. Devlin?

7          MR. DEVLIN:  Mr. Penilla's case and Mr. Shickles'

8   case.

9          THE COURT:  Will you summarize those for me?

10          MR. DEVLIN:  I'm going to have to summarize them

11   separately, Judge, only because the one for Mr. Shickles

12   is from Alabama.  It's a little bit different but nothing

13   too much, but I figure it might be better to just simply

14   separate them.

15          So Mr. Penilla's plea agreement can be

16   summarized:  Defendant has agreed to waive indictment and

17   plead guilty to Count 1 of a superseding information,

18   charging him with conspiracy to possess with intent to

19   distribute controlled substances, in violation of Title

20   21, United States Code, Section 846.  Should the Court

21   accept his guilty plea, the government agrees to move to

22   dismiss after sentencing the remaining charges against the

23   defendant to which he did not enter a plea of guilty, to

24   not further criminally prosecute defendant for the conduct

25   giving rise to the charge contained in the superseding

1   information, based on the facts set forth in the agreement

2   or for other known conduct, and to recommend that the

3   defendant be sentenced to the low end of the adjusted

4   guideline range or the recommendation is not binding on

5   the Court.

6          Should the defendant fail to meet his obligations

7   under the plea agreement, the United States Attorney would

8   be released from any duty to comply with the plea

9   agreement; and under those circumstances, defendant would

10  be subject to prosecution for all offenses arising from

11  this or any other investigation and subject to other

12  possible consequences set forth in the plea agreement.

13         The Court shall determine the defendant's

14  sentence in accordance with Title 18, United States Code,

15  Section 3553(a) after considering the application of the

16  sentencing guidelines.  The guidelines are advisory, not

17  binding, although the Court is required to consider them.

18  The defendant understands he will not be permitted to

19  withdraw his guilty plea because the Court does not accept

20  the government's sentencing recommendation.  Finally, the

21  defendant waives his right to appeal his conviction and/or

22  sentence under any ground except where the sentence

23  imposed by the Court exceeds the maximum sentence

24  authorized by statute.  The defendant also waives his

25  right to contest his conviction and/or sentence at any

1  postconviction proceeding, except he does not waive the

2  right to challenge his sentence based on ineffective

3  assistance of counsel or prosecutorial misconduct of

4  constitutional dimension.  And that, in summary, is Mr.

5  Penilla's plea agreement.

6          Would you like me to proceed with Mr. Shickles'

7  plea agreement?

8          THE COURT:  Yes, if you would.

9          MR. DEVLIN:  The plea agreement between the

10 United States Attorney for the Northern District of

11 Alabama and Defendant Steven Ray Shickles, Jr. may be

12 summarized as follows:  Defendant has agreed to plead

13 guilty to Count 1 of an information, charging him with

14 wire fraud, in violation of Title 18, United States Code,

15 Section 1343.  Should the Court accept the defendant's

16 guilty plea and subject to defendant's good conduct as set

17 forth in paragraph 8 of the plea agreement the government

18 agrees to recommend at sentencing that:

19         One, defendant receive a guidelines reduction for

20 acceptance of responsibility;

21         Two, that he receive a term of imprisonment

22 consistent with the greater of the low end of the advisory

23 guidelines range as found by the Court or time -- the time

24 the defendant has served in custody at the time of

25 sentencing;

1          Three, that defendant be placed on supervised

2   release upon completion of his term of imprisonment;

3          Four, that he pay a fine in accordance with the

4   sentencing guidelines and paid in full prior to the

5   expiration of his supervised release, and finally, that he

6   pay a $100 special assessment.

7          The defendant understands that the recommended

8   sentence -- sentencing disposition is not binding on the

9   Court, that the Court may reject the sentencing

10  recommendation, and that the defendant cannot withdraw his

11  guilty plea if the Court does not accept the sentencing

12  recommendation.  The defendant waives his right to appeal

13  his conviction and/or sentence on any ground except where

14  the sentence imposed by the Court exceeds the maximum

15  sentence authorized by statute, exceeds the guideline

16  range determined by the Court at the time of sentencing.

17  Defendant also waives his right to contest his conviction

18  and/or sentence in any postconviction proceeding, except

19  defendant does not waive the right to challenge his

20  sentence based on ineffective assistance of counsel.  And

21  that, in summary, is the plea agreement.

22          I would like to note one inaccuracy in the plea

23  agreement.  I'll let Mr. Aldredge confirm or deny that.

24  It does state on page 12 that the defendant is -- it's

25  essentially saying that he's not a citizen of the United

1   States.  I think that was mistaken in the plea agreement.

2   It was probably meant to say that if he is not a citizen,

3   then these certain consequences would flow from that.  It

4   is my understanding that Mr. Shickles is a citizen.  So

5   we'd like to correct that portion on page 12 of the plea

6   agreement for the record.

7          MR. ALDREDGE:  That is correct, your Honor.  He

8   is a U.S. citizen.

9          THE COURT:  Do we need to file anything

10  reflecting that correction or is there -- is it enough

11  that we just say it here on the record and acknowledge it

12  here?

13         MR. DEVLIN:  I think it's enough.  It just simply

14  I think was -- the purpose of that was to probably put in

15  some boilerplate language advising the defendant that if

16  he's not a citizen, then these consequences could flow

17  from it.  So I think that was just a mistake that referred

18  to him --

19         MR. ALDREDGE:  And when I read it, frankly, I

20  mean, we went over the plea agreement in detail and I came

21  to that, I just assumed it was an advisal about if you are

22  not a citizen.

23         THE COURT:  Okay.

24         MR. ALDREDGE:  But it actually reads since you

25  are not a citizen.

1          THE COURT:  Okay.  Well, duly noted.  Thank you

2  for that.

3          MR. DEVLIN:  Thank you.

4          THE COURT:  Mr. Penilla, have you read the plea

5  agreement?

6          DEFENDANT PENILLA:  Yes, we went through it.

7          MS. VAZQUEZ:  There is one change I noticed on

8  the front page that states his attorney is Gerry Morris.

9  As much as I respect Gerry Morris, I am not Gerry Morris.

10          THE COURT:  Right.

11          MS. VAZQUEZ:  But it is the one I just saw even

12  though we have gone over this in detail on the substance.

13          THE COURT:  Okay.  Mr. Shickles, have you read

14  your plea agreement?

15          DEFENDANT SHICKLES:  Yes, your Honor.

16          THE COURT:  Did you discuss the plea agreement

17  with counsel?  Mr. Penilla, did you discuss the plea

18  agreement with your attorney?

19          DEFENDANT PENILLA:  Yeah.

20          THE COURT:  Mr. Shickles?

21          DEFENDANT SHICKLES:  Yes, your Honor.

22          THE COURT:  Did you understand it before you

23  signed it?

24          DEFENDANT PENILLA:  Yes.

25          DEFENDANT SHICKLES:  Yes, your Honor.

```
 1              THE COURT:  Do you agree to be bound by it?
 2              DEFENDANT PENILLA:  Yes.
 3              DEFENDANT SHICKLES:  Yes, your Honor.
 4              THE COURT:  As Mr. Devlin noted, the plea
 5    agreement includes a waiver of your right to appeal.  That
 6    includes both direct appeals and collateral attacks.  The
 7    exceptions to that waiver are limited.  They include
 8    claims of ineffective assistance of counsel, prosecutorial
 9    misconduct, or the imposition of a sentence that is above
10    the statutory maximum.
11              Have you discussed this waiver with your
12    attorney?  Have you discussed your waiver of your right to
13    appeal?
14              DEFENDANT PENILLA:  Yeah.
15              DEFENDANT SHICKLES:  Yes, your Honor.
16              THE COURT:  Do you understand you are waiving
17    your right to appeal?
18              DEFENDANT PENILLA:  Yes, I do, sir.
19              DEFENDANT SHICKLES:  Yes, your Honor.
20              THE COURT:  Okay.  To the extent that the
21    government and I believe it is making recommendations
22    regarding your sentence, do you understand that the terms
23    of the plea agreement are only recommendations to the
24    district judge and that the district judge can reject
25    those recommendations without permitting you to withdraw
```

1  your plea of guilty and impose a sentence that is more

2  severe than you may anticipate?

3        DEFENDANT PENILLA:  Yes, I do.

4        DEFENDANT SHICKLES:  Yes, your Honor.

5        THE COURT:  Mr. Penilla, Mr. Shickles and, Mr.

6  Ramos-Beltran, your cases are proceeding on the basis of

7  an information, or in your case, Mr. Penilla, a

8  superseding information.  That's a written document

9  charging a crime, filed by the U.S. Attorney's Office.

10  The charges against you are felonies.  You have the right

11  to require the government to present its evidence to a

12  grand jury to determine whether it would return an

13  indictment against you.  You can waive this right and

14  agree to proceed today on the basis of an information.

15        Do you understand this right?

16        DEFENDANT PENILLA:  Yes, I do.

17        DEFENDANT SHICKLES:  Yes, your Honor.

18        DEFENDANT RAMOS-BELTRAN:  No.

19        THE COURT:  Okay.  So the charge against you --

20  and I don't have a copy of your information in front of

21  me, but it's -- because it's a felony, the government --

22  you can require the government to go in front of a grand

23  jury and get a charging instrument called an indictment

24  against you, which basically means if they go to a grand

25  jury and present your case to them, and if the grand jury

1  determines that there is probable cause to believe that

2  you committed the crime that you are charged with, then

3  they would return something called an indictment.

4         I have here a waiver of indictment that you

5  signed saying that you don't care to go through that

6  process, that you agree to waive that part of this process

7  and just go forward on the information, which is the

8  current charging document against you.

9         Do you wish -- do you confirm that you do wish to

10  waive your indictment or -- and go forward with your

11  guilty plea as it is with an information?  Or do you want

12  to hold the government to its duty to get an indictment

13  absent a waiver?

14         DEFENDANT RAMOS-BELTRAN:  Can I know what the

15  charges are?

16         THE COURT:  Yeah.  Well, Mr. Aldredge, do you

17  want to discuss this with your client?

18         MR. ALDREDGE:  Yes, your Honor.

19         THE COURT:  I'm not doing a very good job of

20  explaining it.  Maybe --

21         MR. ALDREDGE:  Believe me, I've spent 23 years

22  trying to figure out that that's --

23         THE COURT:  Yeah.

24         (Off-the-record discussion between

25          Defendant Ramos-Beltran and his attorney.)

1          MR. ALDREDGE:  Okay.  Thank you, your Honor.

2          THE COURT:  Do you wish to waive your right to an

3   indictment?

4          DEFENDANT RAMOS-BELTRAN:  Yes.

5          THE COURT:  Very good.  Mr. Penilla, you are

6   pleading to Count 1 of your superseding information, which

7   charges you with conspiracy to possess with intent to

8   distribute controlled substances, namely, cocaine.  That

9   charge carries with it a term of imprisonment of not more

10  than 20 years, a term of supervised release of at least

11  three years and up to life, a fine of $1 million, and a

12  special assessment of $100.

13         Mr. Shickles, you're pleading to Count 1 of your

14  information, which charges you with wire fraud, in

15  violation of Title 18, United States Code, Sections 1343

16  and 1349, and that charge carries with it a term of

17  imprisonment of not more than 20 years, a term of

18  supervised release of not more than three years, a fine of

19  $250,000, or twice the gain or loss applicable forfeiture

20  and restitution here.  That means that you've agreed that

21  the loss amount, restitution amount, and forfeiture amount

22  is $2,171,273.36 and a special assessment of $100.

23         Mr. Coahuilas-Coahuilas and, Mr. Ramos-Beltran,

24  you both are pleading guilty to a violation of Title 8,

25  Section 1326 of the United States Code, which prohibits

1   the illegal reentry of a previously deported alien.  That

2   charge carries with it a term of imprisonment of up to two

3   years, a fine of up to $250,000, and a term of supervised

4   release of one year.

5           If your deportation was subsequent to a

6   conviction of three or more misdemeanors involving drugs,

7   crimes against a person, or both, or of a felony other

8   than an aggravated felony, then up to 10 years of

9   imprisonment, a $250,000 fine, and a term of supervised

10  release of three years.

11          Or if the deportation was subsequent to a

12  conviction for commission of an aggravated felony, then up

13  to 20 years imprisonment, a $250,000 fine, and a term of

14  supervised release of three years -- up to three years.

15  All of those also include a special assessment of $100.

16          I'll ask this question to each of you.  Do you

17  understand the charge and the range of penalty -- of

18  punishment that you face, starting with you, Mr. Penilla?

19          DEFENDANT PENILLA:  Yes, your Honor, I do.

20          THE COURT:  Mr. Shickles?

21          DEFENDANT SHICKLES:  Yes, your Honor.

22          THE COURT:  Mr. Coahuilas-Coahuilas?

23          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

24          THE COURT:  Mr. Ramos-Beltran?

25          DEFENDANT RAMOS-BELTRAN:  Yes.

1          THE COURT:  Do you understand that the sentence

2   imposed in this case could run consecutive to any term of

3   imprisonment, probation, parole, or release that you may

4   be serving for any other offense?

5          DEFENDANT PENILLA:  Yes, I do, your Honor.

6          DEFENDANT SHICKLES:  Yes, your Honor.

7          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

8          DEFENDANT RAMOS-BELTRAN:  Yes.

9          THE INTERPRETER:  "Yes" by both.

10          THE COURT:  Do you understand that under federal

11   law, there is no parole and you must serve the time to

12   which you are sentenced?

13          DEFENDANT PENILLA:  Yes, I do, your Honor.

14          DEFENDANT SHICKLES:  Yes, your Honor.

15          DEFENDANT COAHUILAS-COAHUILAS:  Yes.

16          DEFENDANT RAMOS-BELTRAN:  Yes.

17          THE INTERPRETER:  "Yes" by both.

18          THE COURT:  Mr. Penilla, are you a United States

19   citizen?

20          DEFENDANT PENILLA:  Yes, sir.

21          THE COURT:  And, Mr. Shickles, we've discussed

22   this already with respect to you, but are you a United

23   States citizen?

24          DEFENDANT SHICKLES:  Yes, your Honor.

25          THE COURT:  Okay.  Mr. Coahuilas-Coahuilas, and,

1  Mr. Ramos-belt, have you discussed with your attorney the

2  effects or consequences of your guilty plea on your

3  immigration status?

4          DEFENDANT COAHUILAS-COAHUILAS:  Yes, sir.

5          DEFENDANT RAMOS-BELTRAN:  Yes.

6          THE INTERPRETER:  "Yes" by both.

7          THE COURT:  I need to be sure that you understand

8  that by pleading guilty, there may be adverse effects on

9  any pending or future claims related to your immigration

10 status.  You may eventually be deported and removed from

11 the United States.  In fact, for our purposes today, you

12 should assume you'll be deported or removed.  Your guilty

13 plea may prevent you from ever lawfully entering or

14 residing in the United States.  And you may be denied the

15 opportunity to become a naturalized citizen of the United

16 States or a permanent resident alien or achieve any legal

17 status in the United States.

18          Knowing that your guilty plea may have these and

19 other consequences on your immigration status, do you

20 still want to plead guilty?

21          DEFENDANT COAHUILAS-COAHUILAS:  Yes, sir.

22          DEFENDANT RAMOS-BELTRAN:  Yes.

23          THE INTERPRETER:  "Yes" by both.

24          THE COURT:  Let's discuss your supervised

25 release.  You may also be sentenced to serve a term of

1  supervised release, which is a period of supervision after

2  the completion of any term of imprisonment.  In your case,

3  Mr. Penilla, your supervised release will last at least

4  three years and up to life.

5          Mr. Shickles, yours would last not more than

6  three years.

7          Mr. Coahuilas-Coahuilas, and, Mr. Ramos-Beltran,

8  your term of supervised release would last up to three

9  years.

10          During any term of supervised release, you must

11  comply with the conditions set by the district judge and

12  be supervised by the U.S. Probation Office.  If you're

13  deported, there is no reporting requirement, but you would

14  be ordered not to return to the U.S. without proper

15  authorization, but if you did, you must report to the

16  nearest probation office.

17          Failure to comply with the terms of your

18  supervised release could result in revocation and an

19  additional term of imprisonment.  If revoked, you would

20  get no credit for the time you served on supervised

21  release.

22          Do you understand what I've said about supervised

23  release?

24          DEFENDANT PENILLA:  Yes, I do, your Honor.

25          DEFENDANT SHICKLES:  Yes, your Honor.

1          DEFENDANT COAHUILAS-COAHUILAS:  Yes, sir.

2          DEFENDANT RAMOS-BELTRAN:  Yes.

3          THE INTERPRETER:  "Yes" by both.

4          THE COURT:  We will now discuss your sentencing.

5    When the district court decides your sentence, the Court

6    will calculate the applicable sentencing guidelines range

7    and consider that range and any departures from the

8    sentencing guidelines.  The Court will also consider

9    additional statutory factors, including the nature and

10   circumstances of your offense, your history and

11   characteristics, the seriousness of the offense, the need

12   to promote respect for the law, provide for just

13   punishment, afford adequate deterrence and protect the

14   public, and the need to provide you with any educational

15   or vocational training or medical care, to avoid

16   unwarranted sentencing disparities, and provide

17   restitution to any victims of your offense.

18          The district court has discretion to impose a

19   sentence within the guidelines or above or below.  The

20   guidelines are not binding on the district court.

21          Have you discussed with your attorney the law on

22   sentencing, including the possible effect that the

23   sentencing guidelines will have on your sentence in this

24   case?

25          DEFENDANT PENILLA:  Yes, I did, your Honor.

1          DEFENDANT SHICKLES:  Yes, your Honor.

2          DEFENDANT COAHUILAS-COAHUILAS:  Yes, sir.

3          DEFENDANT RAMOS-BELTRAN:  Yes.

4          THE INTERPRETER:  "Yes" by both.

5          THE COURT:  Do you understand that before you

6    enter your guilty plea, no one can know, and you do not

7    know, what your eventual sentence will be other than it

8    won't be greater than the maximum I mentioned before?

9          DEFENDANT PENILLA:  Yes, I do, your Honor.

10          DEFENDANT SHICKLES:  Yes, your Honor.

11          DEFENDANT COAHUILAS-COAHUILAS:  Yes, sir.

12          DEFENDANT RAMOS-BELTRAN:  Yes.

13          THE INTERPRETER:  "Yes" by both.

14          THE COURT:  Do you have any questions about

15    sentencing?

16          DEFENDANT PENILLA:  No, I don't.

17          DEFENDANT SHICKLES:  No, your Honor.

18          DEFENDANT COAHUILAS-COAHUILAS:  No.

19          DEFENDANT RAMOS-BELTRAN:  No.

20          THE INTERPRETER:  "No" by both.

21          THE COURT:  I will now advise you of several of

22    your rights.  You have the right to plead not guilty.  You

23    would then be entitled to a jury trial.  You're entitled

24    to representation by an attorney at all stages of the

25    proceedings.  At trial, you would be presumed to be

1   innocent.  The government would have to prove your guilt

2   beyond a reasonable doubt.  The jury verdict would have to

3   be unanimous.  You would have the right to cross-examine

4   government witnesses and to present evidence, including

5   the right to subpoena witnesses.  But you would never have

6   to prove your innocence and you would not be required to

7   call witnesses.  Your case could include your testimony,

8   but you would also have the right to not testify and the

9   government could not require you to testify.

10          If you elected not to testify at trial, the Court

11   would instruct the jury that they could make no inference

12   of guilt based on that decision.  By pleading guilty, you

13   waive your right to trial as well as the other rights I've

14   just described.  If the district court accepts your guilty

15   plea, there will be no trial and the Court will enter a

16   judgment of guilty and sentence you after considering a

17   presentence report, which we will discuss further in a

18   minute.

19          Do you understand that if you plead guilty, you

20   waive your right to a jury trial and all the other rights

21   I've just described?

22          DEFENDANT PENILLA:  Yes, your Honor.

23          DEFENDANT SHICKLES:  Yes, your Honor.

24          DEFENDANT COAHUILAS-COAHUILAS:  Yes, sir.

25          DEFENDANT RAMOS-BELTRAN:  Yes.

1                THE INTERPRETER:  "Yes" by both.

2                THE COURT:  If you plead guilty, the Court may

3  ask you questions about your offense.  I need to advise

4  you that if you answer those questions under oath and in

5  the presence of your attorney and your answers are not

6  truthful, the government could prosecute you for false

7  statement or perjury.

8                Mr. Penilla, and, Mr. Shickles, you both signed

9  plea agreements.  Those plea agreements included a written

10 factual basis which summarized the facts underlying your

11 arrest.

12               Can you confirm that the facts -- the factual

13 basis in your plea agreement is accurate?

14               DEFENDANT PENILLA:  Yes, it is, your Honor.

15               DEFENDANT SHICKLES:  Yes, your Honor.

16               THE COURT:  Do you have any questions concerning

17 the factual basis?

18               DEFENDANT PENILLA:  No, I don't, your Honor.

19               DEFENDANT SHICKLES:  No, your Honor.

20               THE COURT:  Are those facts true?

21               DEFENDANT PENILLA:  Yes, your Honor.

22               DEFENDANT SHICKLES:  Yes, your Honor.

23               THE COURT:  Mr. Devlin, will you please summarize

24 the factual basis for the charges against Mr.

25 Coahuilas-Coahuilas and Mr. Ramos-Beltran.

1          MR. DEVLIN:  Yes.  I'm going to summarize those

2     together.

3          In each of these cases, had these matters

4     proceeded to trial, the United States Attorney was

5     prepared to prove the following facts beyond a reasonable

6     doubt:

7          Each defendant, an alien, was removed and

8     deported from the United States and at a later date, was

9     found in the United States in the Western District of

10    Texas.  As to Defendant Coahuilas-Coahuilas, he was

11    removed and deported to Mexico on or about December 4th,

12    2020, and subsequently found in the United States on or

13    about August 7, 2022.

14         As to Defendant Ramos-Beltran, he was removed and

15    deported to Mexico on or about October 20th, 2013, and

16    subsequently found in the United States on or about August

17    17, 2022.

18         At the time of each defendants' removal and

19    deportation, immigration officers obtained each

20    defendant's fingerprints on a warrant of removal and

21    deportation, which was included in the official records

22    pertaining to each defendants' removal.  After having been

23    removed from the United States, neither of the defendants

24    obtained the consent of the Secretary of Homeland Security

25    or the Attorney General of the United States to reapply

1  for admission to the United States.

2          Through fingerprint comparison, each defendant

3  was verified to be the same person who was removed and

4  deported from the United States as indicated on the

5  warrant of removal and deportation pertaining to him.  And

6  that, in summary, would be the evidence presented in both

7  of these cases.

8          THE COURT:  Thank you.

9          Mr. Coahuilas-Coahuilas, can you confirm that the

10 facts that the Assistant U.S. Attorney just summarized are

11 accurate?

12         DEFENDANT COAHUILAS-COAHUILAS:  Yes.

13         THE COURT:  Do you have any questions concern the

14 factual basis?

15         DEFENDANT COAHUILAS-COAHUILAS:  No.

16         THE COURT:  Are those facts true?

17         DEFENDANT COAHUILAS-COAHUILAS:  Yes.

18         THE COURT:  Same questions to you, Mr.

19 Ramos-Beltran.

20         Can you confirm that the facts that Mr. Devlin

21 just summarized are accurate?

22         DEFENDANT RAMOS-BELTRAN:  Yes.

23         THE COURT:  Do you have any questions concerning

24 the factual basis?

25         DEFENDANT RAMOS-BELTRAN:  No.

```
1              THE COURT:  Are those facts true?
2              DEFENDANT RAMOS-BELTRAN:  Yes.
3              THE COURT:  Understanding the possible penalties
4   you face and the rights you're giving up, how do you plead
5   to the charge, guilty or not guilty?
6              DEFENDANT PENILLA:  Guilty, your Honor.
7              DEFENDANT SHICKLES:  Guilt, your Honor.
8              DEFENDANT COAHUILAS-COAHUILAS:  Guilty.
9              DEFENDANT RAMOS-BELTRAN:  Guilty.
10             THE INTERPRETER:  "Guilty" by both.
11             THE COURT:  Are you pleading guilty freely and
12  voluntarily?
13             DEFENDANT PENILLA:  Yes, your Honor.
14             DEFENDANT SHICKLES:  Yes, your Honor.
15             DEFENDANT COAHUILAS-COAHUILAS:  Yes, sir.
16             DEFENDANT RAMOS-BELTRAN:  Yes.
17             THE INTERPRETER:  "Yes, sir" and "Yes" by both.
18             THE COURT:  Has anyone threatened you or forced
19  you in any way to plead guilty?
20             DEFENDANT PENILLA:  No, your Honor.  I'm
21  responsible.
22             DEFENDANT SHICKLES:  No, your Honor.
23             DEFENDANT COAHUILAS-COAHUILAS:  No, sir.
24             DEFENDANT RAMOS-BELTRAN:  No.
25             THE INTERPRETER:  "No, sir," "No" by both.
```

1          THE COURT:  Has anyone made any promise to you

2    other than the plea agreements in your cases causing you

3    to plead guilty?

4          DEFENDANT PENILLA:  No, your Honor.

5          DEFENDANT SHICKLES:  No, your Honor.

6          DEFENDANT COAHUILAS-COAHUILAS:  No, sir.

7          DEFENDANT RAMOS-BELTRAN:  No.

8          THE INTERPRETER:  "No, sir," "No" by both.

9          THE COURT:  Are you pleading guilty because you

10   are guilty and for no other reason?

11         DEFENDANT PENILLA:  Yes, I do, your Honor.

12         DEFENDANT SHICKLES:  Yes, your Honor.

13         DEFENDANT COAHUILAS-COAHUILAS:  Yes, sir.

14         DEFENDANT RAMOS-BELTRAN:  Yes.

15         THE INTERPRETER:  "Yes, sir," "Yes" by both.

16         THE COURT:  I find that your plea of guilty is

17   freely and voluntarily made.  You understand the nature of

18   the charges and penalties you face.  You understand your

19   constitutional and statutory rights and you choose to

20   waive them.  You are competent to enter a plea of guilty.

21   You are satisfied with your attorney's representation in

22   the case.

23         That, Mr. Penilla and, Mr. Shickles, you

24   understand your plea agreement and agree to be bound by

25   its terms and that there is a factual basis for the pleas

1   in all of your cases.

2          I will recommend to the district court that based

3   on the statements you have made under oath that your plea

4   of guilty should be accepted.

5          Your case will now be referred to the U.S.

6   Probation Office to prepare a presentence investigation

7   report.  A copy of that report will be provided to you

8   through counsel at least 35 days before sentencing.  You

9   will then have 14 days to make written objections.

10         Any objections that cannot be resolved between

11  you, your attorney, the government, and the probation

12  office will be resolved by the district court before

13  sentencing.

14         Is there anything else for us to address today

15  with respect to Mr. Penilla, Mr. Devlin?

16         MR. DEVLIN:  No, your Honor.

17         THE COURT:  Ms. Vazquez?

18         MS. VAZQUEZ:  No, your Honor.

19         THE COURT:  With respect to Mr.

20  Coahuilas-Coahuilas?

21         MR. DEVLIN:  No, sir.

22         MR. ALDREDGE:  No.

23         THE COURT:  And, Mr. Ramos-Beltran?

24         MR. DEVLIN:  No, sir.

25         MR. ALDREDGE:  No, your Honor.

1          THE COURT:  Very good.  Then I will excuse those

2  three defendants.

3          Mr. Shickles, I understand from our Pretrial

4  Services department that you've been in compliance with

5  the terms of your release.  So absent an objection from

6  the government, you can remain out of custody on your

7  original bond.

8          Any objection from the government?

9          MR. DEVLIN:  No objection.

10          THE COURT:  You must agree to continue to abide

11  by the conditions governing your release and to appear for

12  all future court proceedings.

13          Do you understand that?

14          DEFENDANT SHICKLES:  Yes, your Honor.

15          THE COURT:  Any questions for me?

16          DEFENDANT SHICKLES:  No, your Honor.

17          THE COURT:  Anything else for us to address

18  today, Mr. Devlin?

19          MR. DEVLIN:  Nothing from the government.

20          THE COURT:  Mr. Aldredge?

21          MR. ALDREDGE:  No, your Honor.

22          THE COURT:  All right.  Thank you.  You are

23  excused.

24          MR. ALDREDGE:  Thank you.

25          (Proceedings conclude at 2:36 p.m.)

1

2

3

4                      REPORTER'S CERTIFICATE

5

6      I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING

7   WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE

8   TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT

9   TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE

10  PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE

11  TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY

12  THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES,

13  ON THIS 19th DAY OF AUGUST, 2023.

14

15

16                      *Lily Iva Reznik*

17                      ~~~~~~~~~~~~~~~~~~~~~~~~~
                        LILY I. REZNIK, CRR, RMR
18                      Official Court Reporter
                        United States District Court
19                      Austin Division
                        501 West 5th Street, Suite 4153
20                      Austin, Texas 78701
                        (512)391-8792
21                      SOT Certification No. 4481
                        Expires:  1-31-25

22

23

24

25